## RICE *v.* RINDGE.

The report of county commissioners, laying out a new highway, will not be set aside because the highway terminates at the line of the state, and does not there connect with any highway in the adjoining state.

PETITION of Harrison G. Rice and others for a new highway in Rindge.

The highway petitioned for runs from the house of Lyman Hale to the state line, by the east side of the Monomonack pond, a distance of about two miles. No person lives on the route, and there is, as yet, no road laid out in Massachusetts with which it connects.

The petition was referred to the county commissioners, who, at the January adjourned term, 1873, made a report laying out the road, to which report the town of Rindge filed various objections in writing, and among them the following :

" Until the authorities of Massachusetts have constructed a road, on their part, from Winchendon or Spring village to the state line, to connect with this contemplated road, there can be no use for the road prayed for in this petition, ending in the woods or swamp, at its terminus on the state line. So the town of Rindge claims that until such a road is built there is no necessity for this road prayed for, because there can be no public use for it. Hence, it follows that the law will not permit judgment upon a report in favor of such a road.

" The use for such a road must be a present one, and not a future use, dependent upon a contingency."

The objections were all overruled, and judgment entered on the report, and the questions are brought here by a bill of exceptions allowed in favor of the town.

*Wheeler & Faulkner*, for the petitioners.

*Woodward & Wellington*, for Rindge.

LADD, J.   The town of Rindge filed eight objections to the report;
but they all appear to be based upon the same idea, and come to the
same thing,—namely, that a highway cannot legally be laid out in this
state, extending to and terminating at the state line, unless it there con-
nects with a highway in the adjoining state, or, at least, unless it ap-
pears that some definite official action has been taken to establish a
highway intersecting with it at the line.

This position cannot be sustained.   No such restriction is to be
found in the statutes authorizing the laying out of highways; and it is
obvious that, if such a doctrine were held in both of two adjoining
states, very great embarrassments and difficulty, to say the least, would
be experienced in establishing highways to cross the line from one
state to the other.   Whether an indictment will lie for not building or
keeping in repair a highway situated as this seems to be, is a different
question.    *State* v. *Rye*, 35 N. H. 368; *State* v. *Northumberland*, 44 N.
H. 628.

*Crosby* v. *Hanover*, 36 N. H. 404, seems to be quite in point, and
*Griffin's Petition*, 27 N. H. 343, for reasons that are obvious, has no
application.                                              *Exceptions overruled.*